## APPEAL OF BUENA VISTA HARDWOOD CO.

Docket No. 2603. Submitted October 26, 1925. Decided January 30, 1926.

Upon the evidence, *held*, that the deduction allowed for the amortization of facilities acquired for the production of vessels for the transportation of articles or men contributing to the prosecution of the war should be taken in 1918.

*P. M. MacCutcheon, C. P. A.*, for the taxpayer.
*J. W. Fisher, Esq.*, for the Commissioner.

104881—27——36

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency in income and profits taxes for the fiscal year ended March 31, 1919, in the amount of $1,056.03. The deficiency is due to the fact that the Commissioner disallowed a deduction, claimed by the taxpayer in its return, on account of the amortization or loss of useful value of machinery alleged to have been acquired for the purpose of producing articles contributing to the prosecution of the war.

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of West Virginia, having its principal office at Marlinton. It was organized in April, 1918, and took over the business of the Buena Vista Hardwood Co., which was a partnership and had operated the business for some years. At the time of its organization it issued stock of the par value of $5,000 for mill and machinery of the former business.

The corporation from the date of its organization was engaged in the business of manufacturing tree nails and had contracts with the United States Shipping Board Emergency Fleet Corporation for its entire output. These nails were used in the construction of wooden ships. After the signing of the Armistice in 1918, the contracts for the manufacture of the tree nails were canceled, except for 10 carloads of tree nails, which were manufactured under the terms of the cancellation. The Emergency Fleet Corporation had no further use for tree nails, as no further wooden vessels were being built. In the fall of 1918, the corporation ceased to manufacture tree nails and permanently abandoned the mill and machinery as war facilities. For a few months after the cancellation of the contracts, the taxpayer continued to operate and saw lumber for other purposes, but made no tree nails, and only a portion of the mill and machinery was operated. Efforts were made to sell the machinery and mill without success. The buildings were subsequently torn down and destroyed, as they could not be sold, and approximately $250 was received from the sale of the tin roof of one of the buildings, some wood which was cut from lumber in another building, and a small amount of frame lumber. The boilers and engines, sawmill and machinery could have been used for an ordinary sawmill business, but they were located in a section where the timber had been previously removed, and there was no sale for such material in that section. These were abandoned.

The machinery and equipment, which was acquired for the issuance of stock of the amount of $5,000 par value, had an actual cash value at the time acquired of at least that amount. The above property had a residual value not greater than $3,000, the amount claimed by the taxpayer.

DECISION.

The deficrency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

OPINION.

TRAMMELL: A loss of useful value is not involved in this appeal. The deduction allowable, if any, is on account of the statutory amortization of war facilities. If the taxpayer is entitled to such a deduction, the question then arises as to the taxable year or years in which the deduction should be allowed.

The taxpayer acquired the facilities after April 6, 1917, for the purpose of manufacturing tree nails. These were used in filling contracts with the Emergency Fleet Corporation for the construction of vessels. While the taxpayer did not construct or acquire vessels for the transportation of articles or men contributing to the prosecution of the war, the articles were used in the construction of such vessels. We have found as a fact that the facilities cost at least $5,000, and that their residual value was not more than $3,000. The facilities upon which amortization is claimed were both acquired and abandoned for war purposes within the taxable year in question, and amortization of $2,000 is a proper and reasonable deduction in that year.